JUDGE CAPRONI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIS RE INC., <br><br> Plaintiff, <br><br> -v- <br><br> DAVID LITTELL AND LOCKTON RE, LLC <br><br> Defendants. | No. **19CV9087** <br><br> ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER |

Upon the annexed Memorandum of Law, the Declaration of Richard Macrane, and all of the exhibits annexed thereto, it is

ORDERED, that the above named Defendants show cause before this Court, at Room 443, United States Courthouse, 40 Foley Square, ~~500 Pearl Street~~, in the City, County and State of New York, on Oct. 17, 2019, at 10:00 o'clock in the morning ~~noon~~ thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining/directing ~~the defendants~~ David Littell, and anyone acting in concert with them, during the pendency of this action:

(A) from soliciting, accepting, or performing reinsurance brokerage, claims administration, consulting or other business performed by Willis Re or its parent companies and other affiliates, including, but not limited to, Willis Towers Watson (collectively "Willis"), from or with respect to (i) clients of Willis with whom Defendant David Littell ("Littell") had business contact or provided services, either alone or with others, while employed by Willis Re and, further provided, such clients were clients of Willis either on the date of termination of Littell's

23501694v.4

employment with Willis Re or within twelve (12) months prior to such termination (the "Restricted Clients") and (ii) active prospective clients of Willis whom Littell had business contacts, either alone or with others, regarding the business of Willis, within six (6) months prior to termination of Littell's employment with Willis Re (the "Restricted Prospects");

(B) from directly or indirectly inducing Restricted Clients or Restricted Prospects to terminate, cancel, not renew, or not place business with Willis;

(C) from ~~Littell~~ [VC] directly or indirectly performing or supervising the performance of services or provision of products of the type sold or provided by Littell while employed by Willis Re on behalf of any Restricted Clients or Restricted Prospects;

(D) from directly or indirectly soliciting or endeavoring to cause any employee of Willis Re to leave employment with Willis Re;

(E) from using, disclosing, or transmitting for any purpose, including the solicitation of business, the information contained in the records of Willis including, but not limited to, the name, addresses, and financial information of Willis or any Willis client or prospective client or using, disclosing or transmitting for any purpose, including the solicitation of business, any Confidential Information as defined in the Employment Agreement;

(F) from disclosing or using for their own purpose, or for the purpose of any other person or entity, any of Willis's trade secrets or other Confidential Information (as defined in the Employment Agreement);

(G) from destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in Littell's or Lockton Re's possession or control which were obtained from or contain information derived from any of

23501694v.4

Willis's records, which pertain to Willis, Willis's clients or prospective clients, or which relate to any of the events alleged in the Petition in this action;

(H) to return to Willis Re's counsel any and all records or information pertaining to Willis, Willis's Confidential Information or trade secrets, whether in the original, copies, computerized, handwritten, or any other form, and purge such information from his or its possession, custody, or control, within 24 hours of notice to Littell or Lockton Re or their counsel of the terms of the Court's Order provided, however, that any information so purged shall be printed and saved to a computer disk or similarly accessible and readable recording device prior to purging and be returned to Willis Re pursuant to this paragraph;

(I) other and further ways necessary to bring Defendants into full and complete compliance and conformance with Littell's contractual obligations under the Employment Agreement; and it is further

ORDERED that, sufficient reason having been shown therefor, pending the hearing of Plaintiff's application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, ~~the Defendants~~ David L. Hell, and anyone acting in concert with ~~them~~ him, is temporarily restrained and enjoined: VC

(A) from soliciting, accepting, or performing reinsurance brokerage, claims administration, consulting or other business performed by Willis Re or its parent companies and other affiliates, including, but not limited to, Willis Towers Watson (collectively "Willis"), from or with respect to (i) clients of Willis with whom Littell had business contact or provided services, either alone or with others, while employed by Willis Re and, further provided, such clients were clients of Willis either on the date of termination of Littell's employment with Willis Re or within twelve (12) months prior to such termination (the "Restricted Clients") and

23501694v.4

(ii) active prospective clients of Willis with whom Littell had business contacts, either alone or with others, regarding the business of the Willis within six (6) months prior to termination of Littell's employment with Willis Re (the "Restricted Prospects");

(B) from directly or indirectly inducing Restricted Clients or Restricted Prospects to terminate, cancel, not renew, or not place business with Willis Re;

(C) from ~~Littell~~ JC directly or indirectly performing or supervising the performance of services or provision of products of the type sold or provided by Littell while employed by Willis Re on behalf of any Restricted Clients or Restricted Prospects;

(D) from directly or indirectly soliciting or endeavoring to cause any employee of Willis Re to leave employment with Willis Re;

(E) from using, disclosing, or transmitting for any purpose, including the solicitation of business, the information contained in the records of Willis, including, but not limited to, the name, addresses, and financial information of Willis or any Willis client or prospective client or using, disclosing or transmitting for any purpose, including the solicitation of business, any Confidential Information as defined in the Employment Agreement;

(F) from disclosing or using for their own purpose, or for the purpose of any other person or entity, any of Willis's trade secrets or other Confidential Information (as defined in the Employment Agreement);

(G) from destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in Littell's ~~or Lockton Re's~~ JC possession or control which were obtained from or contain information derived from any of

Willis's records, which pertain to Willis, Willis's clients or prospective clients, or which relate to any of the events alleged in the Petition in this action;

(H) to return to Willis Re's counsel any and all records or information pertaining to Willis, Willis's Confidential Information or trade secrets, whether in the original, copies, computerized, handwritten, or any other form, and purge such information from his or its possession, custody, or control, within 24 hours of notice to Littell ~~or Lockton Re~~ his or ~~their~~ counsel of the terms of the Court's Order provided, however, that any information so purged shall be printed and saved to a computer disk or similarly accessible and readable recording device prior to purging and be returned to Willis Re pursuant to this paragraph; and,

(I) other and further ways necessary to bring Defendants into full and complete compliance and conformance with Littell's contractual obligations under the Employment Agreement; and its is further

ORDERED, that the parties shall be permitted to conduct discovery on an expedited basis, commencing October __2__, 2019 and ending Oct __16__, 2019; and it is further

ORDERED that security in the amount of $__25,000__ be posted by the Plaintiff prior to __Oct. 4__, 2019, at __5:00__ o'clock in the __afternoon__ of that day; and it is further

ORDERED, that answering papers, if any, must be served by hand or by email on Plaintiff's attorneys of record in this action no later than 5:00 p.m. on __October 11__, 2019, and reply papers, if any, must be served by hand or email upon Defendants no later than 5:00 p.m. on __October 15__, 2019; and it is further

23501694v.4

~~ORDERED that personal service of a copy of this Order and the annexed affidavits and pleadings upon the Defendants or their counsel on or before _____ o'clock in the _____ noon, _____, 2019, shall be deemed good and sufficient service thereof.~~

ORDERED that on or before the date of the Preliminary injunction hearing, Plaintiff must provide information regarding the [citizenship of all members of Lockton Insurance Agency, LLC ...]

Time: 6:30pm

SO ORDERED

DATED: Oct. 1, 2019
New York, New York

_____
United States District Judge

ORDERED that this TRO will extend more than 14 days on consent of the parties due to scheduling difficulties.

citizenship of all members of Lockton Insurance Agency, LLC [illegible]